**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
650 TOWN CENTER DRIVE, SUITE 1200
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE: 714-668-2423
FACSIMILE 714-668-2490

David M. Lester (State Bar No. 119966)
 *d.lester@mpglaw.com*
Attorneys for Defendants, BEF FOODS, INC. and BEF MANAGEMENT, INC.

Jonathan R. Vaughn (pro hac vice)
 *jrvaughn@vorys.com*
Adam J. Rocco (pro hac vice)
 *ajrocco@vorys.com*
**VORYS SATER, SEYMOUR AND PEASE LLP**
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
Tel: (614) 464-5672 Fax: (614) 719-5010
Attorneys for Defendants, BEF FOODS, INC. and BEF MANAGEMENT, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION
### SANTA ANA

| | |
|---|---|
| JAY HUTCHISON, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>BEF FOODS, INC., an Ohio corporation; BEF MANAGEMENT, INC., an Ohio corporation and DOES 1 through 20, inclusive,<br><br>    Defendants. | CASE No. 8:14-cv-0763-JVS-DFM<br><br>**ORDER GRANTING STIPULATION BETWEEN THE PARTIES REGARDING CONFIDENTIAL AND PRIVATE INFORMATION**<br><br>Judge:      Hon. James V. Selna<br>Courtroom: 10C<br>Place:       411 West Fourth Street<br>               Santa Ana, CA  92701<br><br>Trial Date: July 14, 2015 |

**IT IS ORDERED** that the parties Motion for Protective Order is hereby GRANTED and that the following Protective Order is ENTERED in its entirety.

/ / /

/ / /

.1

# PROTECTIVE ORDER

1. The Protective Order shall govern the handling of Confidential Information produced in this case.

2. Any party may designate any discovery material that contains "Confidential Information" as "CONFIDENTIAL." For purposes of this Protective Order, "Confidential Information" shall include any non-public financial information or personal information concerning defendants or plaintiff (e.g., social security numbers, corporate or personal finances, etc.), any discovery related to private and financial information of current employees or former employees of defendants other than the plaintiff (including but not limited to lists of employees working for the employer), and information that is proprietary, a trade secret, or pertains to the sale of the Fullerton facility at issue in this matter. The term "Confidential Information" shall not include and the recipient shall have no obligation of confidentiality with respect to any documentation or information that: (a) is already lawfully in possession of recipient (unless received pursuant to a separate nondisclosure agreement); (b) is or becomes generally available to the public through no fault of recipient; (c) is disclosed to recipient by a third party who may transfer or disclose such information without restriction; (d) is required to be disclosed by recipient as a matter of law; or (e) is disclosed by recipient with the disclosing party's prior written approval.

3. The parties and their counsel are prohibited from making copies of any Confidential Information, or any portion thereof, except for use in this case. The parties and their counsel shall hold Confidential Information in strictest confidence, shall keep it secure, and shall use it solely for the purpose of prosecution or defense of this case, and not for any other purpose. It is expressly understood and agreed that the party receiving documents containing Confidential Information shall not use originals or copies of those documents, or the Confidential Information contained therein, for the benefit of any third party or provide such documents or information

to any persons not authorized as a Qualified Person (defined in Paragraph 5) in this Protective Order.

4. The parties may designate as "CONFIDENTIAL" any document, writing, transcript or other discovery material that contains Confidential Information, whether produced through formal or informal discovery or otherwise in the course of this case, by stamping or writing the word "CONFIDENTIAL" on such material. A party may designate a document as "CONFIDENTIAL" after production if the failure to do so before production was inadvertent, or if the initial production pre-dated this Protective Order; provided, however, that the document shall be protected only from the date of such designation. Designation shall, without more, subject the information produced to the provisions of this Protective Order.

5. Confidential information and any documents designated "CONFIDENTIAL" shall be made available only to "Qualified Persons" who, in addition to any applicable requirements set forth elsewhere in this Protective Order, must read and be advised by counsel to abide by this Protective Order under the penalty of contempt. The foregoing sentence shall not apply to those Qualified Persons described in sub-section (d) of this Paragraph.  No other person shall have access to Confidential Information without approval of the other party or without approval of the court. "Qualified Persons" as used herein means: (a) counsel for the parties, and their partners, associates, and employees who are assisting in the case; (b) experts and consultants retained or employed to testify in deposition or at trial or to consult with, advise or assist counsel in the preparation or trial of this matter; (c) the parties; (d) the court and employees of the court; (e) any court reporter and the court reporter's staff and assistants employed in connection with a deposition in this litigation; and (f) witnesses in accordance with the provisions of this paragraph. Confidential Information, or any document designated as "CONFIDENTIAL" may be made available to any prospective witness on the condition that such witness has read and agreed to be bound by provisions of this Protective Order.

6. Qualified Persons who testify at deposition or at trial and receive Confidential Information shall be advised by counsel that they must not reveal to or discuss Confidential Information with any person who is not a Qualified Person under this Protective Order.

7. If counsel for either party desires that any material or its contents be reclassified as releasable, said counsel shall notify opposing counsel to determine the opposing party's position and attempt to resolve the issue. If objections are raised, counsel requesting reclassification may request a ruling from the court that such material be reclassified. All such matters shall be treated as correctly classified and protected at least until the court has entered its ruling.

8. Confidential Information may be used during any hearing in this litigation and may be offered in evidence at trial subject to the court's rules and rules of evidence. A party seeking to use Confidential Information in a hearing or at trial must first confer with the other party as to whether the other party desires to continue to preserve the confidentiality of the information. If either party desires to continue to preserve such confidentiality, then the party who desires to preserve the Confidential Information must petition the court for permission to treat the information as confidential and explain the basis for why the information should be so treated. The court will determine the precise manner in which the Confidential Information is to be received at the hearing or at trial.

9. If a party desires to file Confidential Information with the court, the party must first confer with the other party as to whether the other party desires to continue to preserve the confidentiality of the documents or materials at issue. If the party who originally designated the documents or information as confidential desires to continue to preserve such confidentiality, then the party who desires to preserve the Confidential Information with the court must move the court for leave to file under seal pursuant to the court's procedures.

10. After the conclusion of case, the restrictions on communications and

disclosure provided for in this Protective Order shall continue to be binding upon the parties and all other persons described in Paragraph 5 who are bound by this Protective Order. All documents covered by this Protective Order, and any copies of such documents, that were produced to the parties and/or their counselor that are in the parties' or their counsel's possession for whatever reason, shall be returned to the other party's counsel within seven (7) calendar days after the conclusion of the case and following a written a request from the producing party.  The foregoing sentence includes but is not limited to any and all hearing, deposition, or trial exhibits.

    11.   Disputes arising under this Protective Order shall be resolved by the court.

    12.   No part of the restrictions imposed by this Protective Order may be terminated or revised, except by a writing executed by counsel of record for both parties or by an Order of the court.  This Order is subject to modification, extension or limitation by order of the Court.

**IT IS SO ORDERED:**

Dated:   October 17, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge